# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CR. 06-72 Erie |
| ) | |
| CLEOTIS EUGENE RUSSELL, JR., ) | |
| ) | |

## ORDER

Presently before the Court is Defendant's pro se Motion for Sentence Reduction and Correction Pursuant to 3582(c)(2), and the Government's response thereto.

Defendant argues that Amendment 709 to the Sentencing Guidelines, which became effective on November 1, 2007, should be retroactively applied to his sentence pursuant to 18 U.S.C. § 3582(c)(2). Amendment 709 concerns the proper calculation of a defendant's criminal history score. Section 3582(c)(2) permits a district court to retroactively reduce the term of imprisonment of a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The relevant policy statement is found in section 1B1.10 of the Guidelines, entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)." This Policy Statement only authorizes such retroactive reductions in sentences if the relevant amendment lowering the guideline range is identified in 1B1.10(c). § 1B1.10(a)(2). The most recent revision of Subsection (c) provides as follows:

> **(c)** <u>Covered Amendments</u>.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711.

§ 1B1.10(c).

Amendment 709 is not one of the listed amendments in subsection (c) of Revised section 1B1.10 of the Sentencing Guidelines identified as an amendment that may be applied retroactively

under 18 U.S.C. § 3582(c)(2). As the Third Circuit Court of Appeals has stated, "the statute [3582(c)(2)] directs the Court to the policy statement, and the policy statement provides that an amendment not listed in subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Wise, 515 F.3d 207, 221 n.11 (3rd Cir.(Pa.) Feb 12, 2008), quoting United States v. Thompson, 70 F.3d 279, 281 (3d Cir.1995). If Amendment 709 is added to the policy statement in the future, then Defendant may be entitled to a reduction. However, at this time Amendment 709 does not provide a basis for a sentence reduction under section 3582(c)(2) of Title 18. Accordingly, the following Order is hereby entered.

AND NOW, this 8th day of May, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Sentence Reduction and Correction Pursuant to 3582(c)(2) (Doc. 57) be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior Judge

cc: Cleotis Russell, Jr. pro se
Federal Correctional Institution Allenwood
Reg.# 20472-068
P.O. BOX 2000
White Deer, PA 17887-2000

Marshall Piccinini, AUSA